PER CURIAM.
This is an appeal from a resentencing following a remand by this court. On first appearance, this court remanded the case to the trial court so that Goodman could be resentenced in full compliance with the sentencing criteria set forth in section 39.059, Florida Statutes (1993). Goodman v. State, 638 So.2d 213 (Fla. 4th DCA 1994). On remand, however, the trial court failed to follow the proper procedure for imposing the adult sanctions on a juvenile as set forth under section 39.059(7).[1] The trial court must make written findings of fact for each statutory criteria and the reasons for imposing adult sanctions. The state has confessed error.
Therefore, we again reverse the sentence and remand the case to the trial court for resentencing.
REVERSED AND REMANDED.
DELL, KLEIN, JJ., and RIVKIND, LEONARD, Associate Judge, concur.

. We note that section 39.059(7), Florida Statutes (1993), has been significantly amended by 1994 Laws of Florida, chapter 94-209, changing the writing requirements. The statute, as amended, now reads:
(d) Any decision to impose adult sanctions must be in writing, but is presumed appropriate, and the court is not required to set forth specific findings or enumerate the criteria in this subsection as any basis for its decision to impose adult sanctions.